[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT IN COMPLIANCE WITH C.P.B.§ 4059(b)
Heffernan Heffernan for plaintiff.
Kenny Brimmer for defendant.
Pursuant to Section 4059(b) of the Connecticut Practice Book, this Court hereby submits its statement of the findings of fact and conclusions of law on which it based its September 9, 1994 decision to grant the Plaintiff's Motion for Judgment in the above-captioned CT Page 11262 case.
1. This action was commenced on November 8, 1991. In it, Plaintiff Westchester Fire Insurance Company, aka Crum Forster Personal Insurance, has sued the Defendant, Allstate Insurance Company, for money damages as a result of payments it was required to make to one William J. Peck on an underinsured motorist claim which was filed against it after Defendant Allstate, the insurer of the company which employed the driver of a motor vehicle which struck Mr. Peck's motor vehicle and caused him injuries, refused to extend coverage to Peck because the vehicle driven by its insured's employee was not a covered vehicle under the insured's commercial policy. The Plaintiff claims, in effect, that Defendant Allstate was unjustly enriched by the Plaintiff's payment of Peck's underinsurance motorist claim because Allstate should have afforded Peck coverage under its insured's commercial policy. It therefore presents this claim on a subrogation theory.
2. On November 23, 1993, the Defendant moved this Court to strike the Plaintiff's Complaint in its entirety "for the reason that the complaint fails to state a claim upon which relief may be granted in that the present cause of action is an assignment of a personal injury action which is contrary to public policy and impermissible under Connecticut Law." Motion at 1.
3. In support of its Motion, the Defendant filed a memorandum of law in which it relied explicitly on what it represented to be controlling Connecticut authority on the issue presented by its Motion. In particular, it based its legal argument on the decision of the Connecticut Supreme Court in Berlinski v. Ovellette,164 Conn. 482 (1973), which explicitly invalidated, as against public policy, uninsured motorist subrogation actions where the uninsured motorist insurance carrier seeks to assume control of the Plaintiff's personal injury action.
4. In opposition to the Defendant's Motion to Strike, the Plaintiff agreed with Defendant that its cause of action was barred by the prevailing Connecticut rule, as articulated in Berlinski, but argued that that rule should now be abandoned because the authority on which it rests is outmoded. At oral argument on the Motion, moreover, counsel for the Plaintiff conceded that in view of the Berlinski decision, this Court was bound to grant the Defendant's Motion under the principle of stare decisis.
5. As the Berlinski decision remains the controlling law of this State with respect to the cause of action which the Plaintiff CT Page 11263 here seeks to litigate, the Court granted the Plaintiff's Motion to Strike with the following handwritten order:
 The foregoing Motion having been duly heard by the Court, it is hereby ORDERED: GRANTED under the authority of Berlinski v. Ovellette, 164 Conn. 482
(1973).[1]
6. Under Section 157 of the Connecticut Practice Book, any party whose pleading has been stricken may refile that pleading within fifteen days of the rendering of the Court's decision on his opponent's Motion to Strike. When no such pleading is refiled, the party loses his right to do so, and the Court "may upon motion enter judgment against said party on [its] stricken complaint." Id.
7. On August 22, 1994, the Plaintiff filed with this Court a Motion for Judgment, pursuant to CPB § 157. It thereby asked the Court to render judgment so that it could promptly perfect its appeal.
8. On September 9, 1994, the Court entered a shortform order granting the Plaintiff's Motion for Judgment because the Plaintiff had not repleaded within fifteen days of the granting of the Defendant's Motion to Strike.
Respectfully submitted,
Michael R. Sheldon Judge